Daniel M. Cislo, Esq., No. 125,378
  *dan@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
  *mnielsen@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
YIGAL MESIKA


Arthur Evry, Esq., No. 40,160
  *evryarthur@aol.com*
Attorney at Law
1813 Centinela Avenue
Santa Monica, California 90404
Telephone: (805) 551-4970
Telefax: (805) 498-5883

Attorney for Defendants, SEAN BOGUNIA,
REBECCA BOGUNIA, and SEAN BOGUNIA'S
ULTIMATE MAGIC PRODUCTIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIGAL MESIKA, an individual<br><br>      Plaintiff,<br><br>    vs.<br><br>SEAN BOGUNIA, an individual,<br>REBECCA BOGUNIA, an individual,<br>and SEAN BOGUNIA'S ULTIMATE<br>MAGIC PRODUCTIONS, LLC, a<br>Michigan limited liability company,<br>and DOES 1-9, inclusive,<br><br>      Defendants. | CASE NO. 09-1580 JFW (SSx)<br><br>[Hon. Suzanne H. Segal]<br><br>~~[PROPOSED]~~ STIPULATED<br>**PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order.

**GOOD CAUSE STATEMENT**

1.   FACTUAL BACKGROUND

The threshold issues in the complaint center on the validity of the patent-in-suit, and its infringement by the accused products.  Resolution of these issues and damages analysis necessarily requires evidence of creation dates, first sales, cost of manufacture, customer lists, sales data, and channels of trade, to be disclosed, at minimum, to opposing counsel.  The [Proposed] Stipulated Protective Order is geared towards allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties.

The parties to this case are members and competitors in the relatively small field of magic performances and magic device creation, development, marketing, and selling.    The parties each advertise, distribute, and sell their respective products at issue in this case in the United States and elsewhere.  Because of the parties' status as direct competitors in what is a relatively small field, an unfair competitive advantage gained through knowledge of a competitors' confidential business information has the potential to cause substantial harm.    Therefore, confidential business information such as customer lists, customer identity, cost-of-goods sold, other overhead costs, pricing, manufacturing and distributing agreements, and other, similar information must necessarily be protected from disclosure to the opposing parties and/or other competitors in the market, so as to avoid competitive harm.

Should the parties learn of the opposing party's customers, in conjunction with learning of the opposing party's other sensitive business information such as manufacturing and distribution arrangements, pricing strategies, or other cost

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd Street
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

1    information, such information could be used to attempt to solicit the opposing

2    parties' customers through the use of such confidential business information,

3    resulting in loss of business and competitive harm.  The same is potentially true if

4    the parties' confidential business information is not protected and it becomes

5    available to non-parties to the case.

6

7    2.    THE PROPOSED PROTECTIVE ORDER FOCUSES ON THE

8          PROTECTION OF COMMERCIALLY-SENSITIVE BUSINESS

9          INFORMATION

10

11        Federal Rule of Civil Procedure Rule 26(c)(1) permits the grant of a

12   protective order upon a showing of good cause, and provides that the protection

13   of a trade secret or other confidential commercial information is a proper basis for

14   the issuance of a protective order.    The party seeking such an order must

15   demonstrate a particular and specific need for the protective order.    Gray v.

16   Rodewald, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

17

18        A protective order that focuses on preventing disclosure of particular

19   information, e.g. confidential business information, where disclosure would

20   "likely cause serious harm," is supported by good cause.    Hayden v. Siemens

21   Medical Systems, Inc., 106 F.R.D. 551, 556, (S.D.N.Y. 1985).  To support a

22   showing of good cause, however, a protective order must be sufficiently tailored

23   in the information it seeks to protect, e.g. by designating certain classes or types

24   of information.  Id.

25

26        A "blanket" protective order, as opposed to a broader "umbrella"

27   protective order, "permits the parties to protect documents that they in good faith

28   believe contain trade secrets or other confidential commercial information.  Such

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd Street
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647    Facsimile: (310) 394-4477

3

protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." Bayer AG and Miles Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

As direct competitors, the parties' proposed protective order was drafted specifically to protect the disclosure of each party's commercially sensitive business information and confidential business information.   Confidential information under this agreement is specifically defined below.  Such information, under the proposed protective order, may be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY, and is open to challenge by either party, any third party, or the public.  As stated in the factual background section above, disclosure of the documents or categories of documents referenced above has the potential to cause a significant competitive imbalance in a relatively small field.  Accordingly, the parties should be permitted to safeguard their respective confidential information through this protective order.

Based on the foregoing demonstration of good cause in support of the parties [Proposed] Stipulated Protective Order, this Order should be granted by the Court to protect the parties' confidential business information.

## CONFIDENTIALITY AGREEMENT

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby

4

stipulate to and petition the court to enter the following Stipulated Protective Order.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.   The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

5

2.4 "[Highly][1] Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "[Highly] Confidential - Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "[Highly] Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

---

[1] The use of "Highly" in front of "Confidential – Attorneys' Eyes Only" is discretionary with the parties. It is understood that whether or not "Highly" is present in front of "Confidential – Attorneys' Eyes Only" does not change the meaning of "Confidential – Attorneys' Eyes Only."

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1100
1333 2nd Street
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd Street
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

7

## 5.   DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass,    indiscriminate,    or    routinized    designations    are    prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the    legend    "CONFIDENTIAL"    or    "[HIGHLY]    CONFIDENTIAL    – ATTORNEYS' EYES ONLY" on each page that contains protected material.   If

8

only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced, except that a Party or non-party may designate appropriate material as either "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to the inspection to protect such material from disclosure inconsistent with this Protective Order.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)   Testimony taken at depositions may be designated as CONFIDENTIAL by making a statement to that effect on the record at any time during the deposition.   Arrangements shall be made with the court reporter transcribing such proceeding to separately bind those portions of the transcript containing such information designated as CONFIDENTIAL, or the entirety of the transcript if so designated, and to label such portions accordingly.   If

deposition testimony is designated as "[HIGHLY] CONFIDENTIAL-ATTORNEYS' EYES ONLY," the opposing party or parties (and the principals thereof) must leave the deposition room.  If there are any disputes about the designation of deposition testimony, counsel shall meet and confer in good faith and, thereafter, if they are unable to resolve the dispute, file a motion with the Court to adjudicate the issue(s).

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   If material is appropriately designated as "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

Confidentiality designations may be challenged in accordance with the procedures set forth in Civil Local Rule 37 (and in compliance with Civil Local

1 Rule 79-5.1, if applicable).

2

3 **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

4      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

5 disclosed or produced by another Party or by a non-party in connection with this

6 case only for prosecuting, defending, or attempting to settle this litigation. Such

7 Protected Material may be disclosed only to the categories of persons and under

8 the conditions described in this Order. When the litigation has been terminated, a

9 Receiving Party must comply with the provisions of section 11, below (FINAL

10 DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a

12 location and in a secure manner that ensures that access is limited to the persons

13 authorized under this Order.

14

15      7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

16 otherwise ordered by the court or permitted in writing by the Designating Party, a

17 Receiving Party may disclose any information or item designated

18 CONFIDENTIAL only to:

19      (a) the Receiving Party's Outside Counsel of record in this action, as

20 well as employees of said Counsel to whom it is reasonably necessary to disclose

21 the information for this litigation and who have signed the "Agreement to Be

22 Bound by Protective Order" that is attached hereto as Exhibit A;

23      (b) the officers, directors, and employees (including House Counsel)

24 of the Receiving Party to whom disclosure is reasonably necessary for this

25 litigation and who have signed the "Agreement to Be Bound by Protective Order"

26 (Exhibit A);

27      (c) experts (as defined in this Order) of the Receiving Party to whom

28 disclosure is reasonably necessary for this litigation and who have signed the

CISLO & THOMAS LLP
Attorneys at Law
1333 2nd Street
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

1 | "Agreement to Be Bound by Protective Order"  (Exhibit A);

2 |        (d) the Court and its personnel;

3 |        (e) court reporters, their staffs, and professional vendors to whom

4 | disclosure is reasonably necessary for this litigation;

5 |        (f) during their depositions, witnesses in the action to whom

6 | disclosure is reasonably necessary and who have signed the "Agreement to Be

7 | Bound by Protective Order" (Exhibit A).   Pages of transcribed deposition

8 | testimony or exhibits to depositions that reveal Protected Material must be

9 | separately bound by the court reporter and may not be disclosed to anyone except

10 | as permitted under this Stipulated Protective Order;

11 |        (g) the author of the document or the original source of the

12 | information.

13 |

14 |     7.3 <u>Disclosure of "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES</u>

15 | <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted

16 | in writing by the Designating Party, a Receiving Party may disclose any

17 | information or item designated "[HIGHLY] CONFIDENTIAL – ATTORNEYS'

18 | EYES ONLY" only to:

19 |        (a) the Receiving Party's Outside Counsel of record in this action, as

20 | well as employees of said Counsel to whom it is reasonably necessary to disclose

21 | the information for this litigation;

22 |        (b) Experts (as defined in this Order) (1) to whom disclosure is

23 | reasonably necessary for this litigation, (2) who have signed the "Agreement to

24 | Be Bound by Protective Order" (Exhibit A);

25 |        (c) the Court and its personnel;

26 |        (d) court reporters, their staffs, and professional vendors to whom

27 | disclosure is reasonably necessary for this litigation; and

28 |        (e) the author of the document or the original source of the

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND Street
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

information.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.   The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

13

1   under this Stipulated Protective Order, the Receiving Party must immediately (a)

2   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

3   best efforts to retrieve all copies of the Protected Material, (c) inform the person

4   or persons to whom unauthorized disclosures were made of all the terms of this

5   Order, and (d) request such person or persons to execute the "Acknowledgment

6   and Agreement to Be Bound" that is attached hereto as Exhibit A.

7

8   10.   FILING PROTECTED MATERIAL.  Without written permission from the

9   Designating Party or a court order secured after appropriate notice to all

10   interested persons, a Party may not file in the public record in this action any

11   Protected Material.  A Party that seeks to file under seal any Protected Material

12   must comply with Civil Local Rule 79-5.1.

13

14   11.   FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by

15   the Producing Party, within sixty days after the final termination of this action,

16   each Receiving Party must return all Protected Material to the Producing Party or

17   provide a written certification within the sixty day period that the all of the

18   Protected Material has been destroyed.   Each Receiving Party, however, is

19   entitled to maintain one (1) archival copy of the Protected Material.  Any such

20   archival copies that contain or constitute Protected Material remain subject to this

21   Protective Order as set forth in Section 4 (DURATION), above.  As used in this

22   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23   summaries or any other form of reproducing or capturing any of the Protected

24   Material.

25

26   12.   NON-PARTY PROTECTED MATERIAL.

27        Should the parties in this case issue any subpoenas to non-parties, the

28   parties agree that any non-parties served with a subpoena may designate as

14

Protected Material any appropriate materials responsive to such a subpoena, and further, the parties may notify any non-party served with a subpoena in this case of this Protective Order.

Furthermore, the parties recognize that there may be produced Protected Material originating with a non-party as to which there exists an obligation of confidentiality. Such material that a party reasonably and in good faith believes is subject to a confidentiality obligation shall be designated as Protected Material and shall be subject to the restrictions on disclosures specified in this Order.

13.   MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or other sources other than via the discovery process, motion practice or voluntary disclosure of information by any party conducted under the terms of this Protective Order. The court will determine, in its sole discretion, how documents designated as "CONFIDENTIAL"' will be treated during the trial of this action.

15

13.4 This Protective Order shall bind the parties from the date of execution hereon, prior to and in the absence of entry of this Protective Order by the Court.

13.5 The Court retains jurisdiction to make such orders as are appropriate concerning this Protective Order and Confidential Information.

13.6 The parties retain the right to agree to or seek to modify this Protective Order.

///
///
///

16

13.7. This Protective Order may be executed in counterparts, each of which shall be deemed part of the original and all of which shall constitute one and the same agreement.

**IT IS SO ORDERED.**

Dated _____July 16_____, 2009

/S/

_____
Hon. Suzanne H. Segal
United States Magistrate Judge

Respectfully submitted,

**CISLO & THOMAS** LLP

Dated: July 14, 2009          By:   s/Mark D. Nielsen
                                    _____
                                    Daniel M. Cislo
                                    Mark D. Nielsen
                                    Attorneys for Plaintiff,
                                    YIGAL MESIKA

Dated: July 14, 2009          By:   s/Arthur Evry
                                    _____
                                    Arthur Evry
                                    Attorney for Defendants, SEAN
                                    BOGUNIA, REBECCA BOGUNIA, and
                                    SEAN BOGUNIA'S ULTIMATE
                                    MAGIC PRODUCTIONS, LLC

CISLO & THOMAS LLP
Attorneys at Law
1333 2nd Street
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

17