| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND** |

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 09-1580-JFW (SSx)** | Date: May 11, 2010 |

Title:   Yigal Mesika -v- Sean Bogunia, et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   AMENDED ORDER DENYING PLAINTIFF'S MOTION TO FIND THIS CASE EXCEPTIONAL AND TO AWARD ATTORNEYS' FEES AND EXPENSES [filed 4/22/2010; Docket No. 72]

On April 22, 2010, Plaintiff Yigal Mesika ("Plaintiff") filed a Motion to Find this Case Exceptional and to Award Attorneys' Fees and Expenses.  On May 3, 2010, Defendants Sean Bogunia, Rebecca Bogunia, and Sean Bogunia's Ultimate Magic Productions, LLC ("Defendants") filed their Opposition.  On May 10, 2010, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for **May 17, 2010** is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

On April 2, 2010, the parties reached a settlement of this patent infringement action and the terms and conditions of the settlement were placed on the record before the Court.  Plaintiff now moves for an award of attorneys' fees and expenses pursuant to 35 U.S.C. § 285.  In a patent infringement action, pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[1]

"A determination whether to award attorney fees under 35 U.S.C. § 285 involves a two step

---

[1] The Court need not reach the issue of whether Plaintiff is the prevailing party, because the Court concludes that this case is not "exceptional."  *See Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1479 (Fed. Cir. 1998) (finding that district court's determination that the case was unexceptional was not clearly erroneous, and thus finding it unnecessary to decide whether plaintiff was the prevailing party).

process.  First, a district court must determine whether the prevailing party has proved by clear and convincing evidence, that the case is 'exceptional.'" *Forest Laboratories, Inc. v. Abbott Laboratories*, 339 F.3d 1324, 1327 (Fed. Cir. 2003) (internal citations omitted).  "Second, if the district court finds the case to be exceptional, it must then determine whether an award of attorney fees is appropriate."  *Id.* at 1328.

"[O]nly a limited universe of circumstances warrant a finding of exceptionality in a patent case: 'inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'" *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (quoting *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002)).  Here, Plaintiff contends that this case is exceptional because (1) Defendants' actions constituted willful infringement; (2) Defendants engaged in litigation misconduct when it violated the "confidentiality presumed in all settlement conferences and caused the publication of private, misleading facts with respect to the settlement and settlement conference;" and (3) Defendants' and defense counsel prolonged this litigation and offered deficient, inconsistent and multiple theories throughout the litigation in bad faith.

Plaintiff has not met his burden of establishing by clear and convincing evidence that Defendants' actions constituted willful infringement, or that Defendants and defense counsel acted in bad faith.  Indeed, there was no finding that Defendants' products infringed Plaintiff's patent, and even assuming infringement, Plaintiff has failed to demonstrate willfulness by clear and convincing evidence.  Moreover, while Defendants published facts with respect to the settlement conference and settlement, the Court concludes that Defendants' actions do not rise to bad faith litigation or litigation misconduct justifying an award of attorneys' fees.  Accordingly, the Court does not find this case exceptional, and even if the case were exceptional, the Court would not exercise its discretion to award attorneys' fees.

For all of the foregoing reasons, Plaintiff's Motion to Find this Case Exceptional and to Award Attorneys' Fees and Expenses is **DENIED.**

IT IS SO ORDERED.